IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RUSSELL LUNA, § | |
| § | |
| Plaintiff, § | |
| § | |
| § | |
| v. § | CIVIL ACTION NO. 3:13-CV-343 |
| § | |
| BANK OF AMERICA, N.A. § | |
| and M&T BANK § | |
| § | |
| Defendants. § | |
| § | |
| § | |

## BANK OF AMERICA, N.A.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, the defendant, Bank of America, N.A. ("Bank of America"), files its Notice of Removal based on federal question and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

### I.   INTRODUCTION

1. On August 23, 2013, the plaintiff filed his Original Petition, Application for Temporary Restraining Order, Temporary Injunction and Request for Disclosures (the "Complaint"). The plaintiff purports to assert causes of action for: (1) violations of the Texas Deceptive Trade Practices Act; (2) violation of the Truth-in-Lending Act; (3) conversion; (4) money had and received; (5) quiet title. The plaintiff also seeks declaratory judgments and a temporary injunction.

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action and obtained by the Defendants are attached hereto and marked as composite **Exhibit A** and incorporated herein by reference.

## II. TIMELINESS OF REMOVAL

3. Bank of America was served with the plaintiff's Complaint on September 3, 2013. Therefore, this Notice of Removal is timely.

## III. FIRST BASIS FOR REMOVAL: DIVERSITY JURISDICTION

4. This Court's jurisdiction must be assessed by examining the plaintiff's complaint on its face as of the time of filing this Notice of Removal.[1] The plaintiff asserts a causes of action for a purported violation of the Truth-in-Lending Act, citing to 15 U.S.C. § 1641(g).[2] Accordingly, this Court has jurisdiction over the plaintiff's claim under federal question jurisdiction.[3]

5. This Court has supplemental jurisdiction over the plaintiff's common law claims because they form part of the same case or controversy as the plaintiff's federal claim.[4]

## IV. SECOND BASIS FOR REMOVAL: DIVERSITY JURISDICTION

### A. Complete Diversity Exists.

6. The plaintiff's state court action may be removed to this Court because it arises under 28 U.S.C. § 1332 (Diversity of Citizenship). The plaintiff is a Texas citizen.[5]

7. Bank of America is a national banking association with its main office in North Carolina as designated in its articles of association. As a national banking association, Bank of America's citizenship is determined solely by the location of its main office, as designated in its articles of association.[6] Accordingly, Bank of America is a citizen of North Carolina.

---

[1] *Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 390 (1998) ("[F]or purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court.") (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938) ("[T]he status of the case disclosed by the plaintiff's complaint is controlling in the case of removal.")).
[2] Pl.'s Compl. ¶ 37.
[3] 28 U.S.C. § 1331.
[4] 28 U.S.C. § 1367(a).
[5] *See* Complaint, ¶ 6.
[6] *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); 28 U.S.C. §1348.

8. M&T Bank is a New York state chartered Banking Corporation organized under the laws of New York with its principal place of business in Buffalo, New York. Accordingly, M&T Bank is a citizen of New York. M&T Bank consents to this removal.[7]

9. Because the plaintiff is a citizen of Texas and Bank of America is a citizen of North Carolina and M&T Bank is a citizen of New York, complete diversity exists.

**B. The Amount in Controversy Exceeds $75,000.00.**

10. The plaintiff's Complaint does not seek a specified amount of monetary relief but rather seeks, among other things, injunctive relief. When such relief is sought, "the amount in controversy is measured by the value of the object of the litigation."[8] In this case, the plaintiff requests the Court enjoin the Defendants from "entering and taking possession of the Property or otherwise interfering with Plaintiff's right to quiet enjoyment and use of the Property; proceeding with or attempting to sell or foreclose upon the Property; and (3) attempting to purchase, transfer, assign or collect on the Mortgage."[9]

11. When the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy.[10] In this instance, the value of the subject property amounts to at least

---

[7] Ex. B, Consent of M&T Bank.
[8] *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *see also Carrick Trucking, Inc. v. Lamberth*, No. 2:10-cv-02171, 2011 WL 1085616, at *2 (W.D. Ark. March 23, 2011).
[9] *See* Complaint, ¶ 77.
[10] *Nationstar Mortgage, L.L.C. v. Knox*, 351 Fed.Appx. 844, 848 (5th Cir. 2009) (quoting *Hunt v. Washington State Apple Advertising Commission*, 432. U.S. 333, 347 (1977)); *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983); *Govea v. JPMorgan Chase Bank, N.A.*, No. G-10-3482, 2010 WL 5140064 (S.D. Tex., Dec. 10, 2010); *Lemessa v. Wells Fargo Bank, N.A.*, No. G-10-0478, 2010 WL 5125956, at *1 (S.D. Tex., Dec. 9, 2010); *Bardwell v. BAC Home Loans Servicing, L.P.*, No. 3:11-CV-1002-B, 2011 WL 4346328 *2 (N.D. Tex. Sept. 16, 2011); *McDonald v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-2691-B, 2011 WL 6396628 *2 (N.D. Tex. Dec. 20, 2011); *Martinez v. BAC Home Loans Servicing, LP*, Civil Action No. SA–09–CA–951–FB, 2010 WL 6511713, at *7 (W.D. Tex. Sept. 24, 2010).

$150,260.00.[11] Therefore, based on the value of the relief sought by the plaintiff in his Complaint, the amount in controversy exceeds $75,000.00.

## V. VENUE

12. Venue for this Removal is proper in the U.S. District Court for the Southern District of Texas, Galveston Division because this district and division includes Brazoria County, Texas—the location of the pending state court action.

## VI. ADDITIONAL REQUIREMENTS

13. Written Notice of Removal will be provided to the plaintiff and filed with the District Clerk of Brazoria County, Texas.

14. The plaintiff did not request a jury trial in his Complaint.

WHEREFORE, having satisfied the requirements for removal under 28 U.S.C. §§ 1441, 1446, 1331 and 1332, the defendant, Bank of America, N.A., gives notice that Cause No. 73915 now pending in the 412th Judicial District Court of Brazoria County, Texas has been removed to this Court.

Respectfully submitted,

By: /s/ Michael R. Rahmn
**JEFFREY R. SEEWALD**
State Bar No. 17986640
Federal ID No. 28500
**MICHAEL R. RAHMN**
State Bar No. 24074924
Federal ID No. 1124407
MCGLINCHEY STAFFORD, PLLC
1001 McKinney Ave., Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Facsimile: (713) 520-1025

---

[11] *See* Brazoria County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Brazoria County Tax Appraisal because it is of public record and the information it provides is readily ascertainable and the source—the Brazoria County Tax Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

*ATTORNEYS FOR THE DEFENDANT,*
*BANK OF AMERICA, N.A.*

## CERTIFICATE AND NOTICE OF FILING

I certify that on September 27, 2013 this Notice of Removal was sent to the District Clerk of Brazoria County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorney of record for the plaintiff, Russell Luna, and the defendant, M&T Bank.

/s/ Michael R. Rahmn
Michael R. Rahmn

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5, I certify that a copy of the foregoing has been served via certified mail, return receipt requested on this the 27th day of September, 2013 to:

Robert "Chip" C. Lane          *Via CM/RRR No. 71969008911153203685*
Anh Thu N. Dihn
Andrew Haut
Robert Y. Petersen
Jack D. Kitchen
MIDDAGH & LANE, P.L.L.C.
6200 Savoy, Suite 1150
Houston, Texas 77036-3300

*Attorneys for the plaintiff,*
*Russell Luna*

Michael F. Hord, Jr.           *Via CM/RRR No. 71969008911153203692*
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana, 36th Floor
Houston, Texas 77002

*Attorneys for the defendant,*
*M&T Bank*

/s/ Michael R. Rahmn
Michael R. Rahmn