IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RUSSELL LUNA<br>    Plaintiff | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-00343 |
| | § | |
| BANK OF AMERICA, N.A. and<br>M&T BANK<br>    Defendants | §<br>§<br>§<br>§ | |

## <u>DEFENDANT M & T BANK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Defendant M & T ("Defendant" or "M & T") files this Motion to Dismiss as authorized by Federal Rule of Civil Procedure 12(b)(6) and respectfully submits this Brief in support thereof.

### I.  INTRODUCTION

1. Plaintiff's claims arise from baseless allegations designed to stall foreclosure on property securing a loan that is in default. The property in question is located at 1728 Glenview, Alvin, Texas 77511 (the "Property"). On or about July 21, 2011 Plaintiff borrowed $151,851.00 as evidenced by a promissory note (the "Note").[1] On the same date Plaintiff signed a Deed of Trust.[2]

2. Plaintiff filed this action on August 23, 2013 against Defendant in Harris County District Court, and it was removed on or about September 27, 2013 on Diversity grounds. No party has contested this Court's jurisdiction thus far.

3. Plaintiff claims that Bank of America, N.A. ("BANA") and M & T attempted to foreclose on the Property but do not have the authority to do so.[3] Plaintiff includes the following causes of action: DTPA, Conversion, Money Had and Received, Suit to Remove Cloud on Title,

---

[1] See Note attached to Plaintiff's Complaint as Ex. A.
[2] See Deed of Trust attached to Plaintiff's Complaint as Ex. B.
[3] See Complaint at ¶3.

Declaratory Judgment and a Request for Injunctive Relief. At the time of this Motion, no foreclosure has taken place, the date of the noticed foreclosure sale has passed with no sale having occurred, and Plaintiff remains in the Property while making no loan payments. All of Plaintiff's claims fail as a matter of law and should be dismissed.

## II. STANDARD

4. The purpose of a motion to dismiss under Federal Rule of Procedure 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief, and not to determine the facts or merits of the case.[4] "To survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible on its face'."[5] It must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.[6] As the United States Supreme Court restated: "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."[7] A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."[8]

## III. ARGUMENT

A. **Plaintiff Cannot be a "Consumer" Under the D.T.P.A. in this Context.**

5. The elements of a DTPA claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a

---

[4] See *Campbell v. Wells Fargo Bank, N.A.*, 781 F 2d. 440, 442 (5th Cir. 1982), cert. denied, 476 U.S. 1159 (1986); *Goldin, Peiser & Peiser, LLP v. Delta Brands, Inc.*, No. 3:02-CV-0127-M, 2002 WL 550450, at *1 (N.D. Tex. Apr. 11, 2002); 5C CHARLES ALAN WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (3D ED. 2004).
[5] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citations omitted)).
[6] *Twombly*, 550 U.S. at 562.
[7] *Ashcroft*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).
[8] *Id.*

2

producing cause of the consumer's damages."[9]  Whether a person qualifies as a consumer under the DTPA is a question of law for the court to decide.[10]  In order to be a "consumer" under the DTPA, a person "must seek or acquire goods or services by lease or purchase"; and "the goods or services sought or acquired must form the basis of [that person's] complaint."[11]

6.   A person who seeks only to borrow money is not a consumer under the DTPA because lending of money, without more, does not involve a good or a service.[12]  Likewise, the servicing of an existing loan and the request to modify an existing loan do not involve a good or service.[13]

7.   Although Plaintiff recites the definition of "consumer" under the DTPA in his Complaint, he does not allege that he is or was a consumer under the DTPA as to either defendant. To the contrary his allegations, even taken as true, reveal that M & T is at most a successor mortgage servicer in this context, which could not possibly confer consumer status under the DTPA on Plaintiff in this context based on the pleadings. For these reasons, Plaintiff's DTPA claim fails a matter of law.

---

[9]  *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex.1995); Tex. Bus. & Com.Code § 17.50(a)(1).

[10] *Bohls v. Oakes*, 75 S.W.3d 473, 479 (Tex.App. San Antonio 2002, pet. denied).

[11] *Aery v. Bank of America, N.A.*, No. G-12-343, 2013 WL 1790125 at *2 (S.D. Tex. Apr. 26, 2013) (Froeschner, M.J.); *see also Knight v. Int'l Harvester Credit Corp.*, 627 S.W.2d 382, 388 (Tex. 1982) (the good or service sought by the borrower must form the basis of the complaint); *Craig v. Ameriquest Mortg. Co.*, No. H-04-3929, 2005 WL 2921947, at *3-5 (S.D. Tex. November 4, 2005) (Hittner, J.) (determining that plaintiff was not a consumer under DTPA because his complaint arose out of the lender's loan requirements regarding hazard insurance).

[12] *See La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566 (Tex.1984).

[13] *Ayers v. Aurora Loan Servs., LLC*, 787 F.Supp.2d 451, 455 (E.D.Tex.2011) (concluding that when a plaintiff seeks a modification of an existing loan, such action is "analogous to refinancing services" and does not qualify the plaintiff as a consumer under the DTPA); *Hansberger v. EMC Mortg. Corp.*, No. 04-08-00438-CV, 2009 WL 2264996 (Tex.App. San Antonio July 29, 2009, pet. denied) (citing *Maginn v. Norwest Mortg. Inc.*, 919 S.W.2d 164, 167) (Tex.App.Austin 1996, no pet.)) (finding loan servicing to be an ancillary service not contemplated by the DTPA); *Porter v. Countrywide Home Loans, Inc.*, No. V-7075, 2008 WL 2944670, *3 (S.D.Tex. July 24, 2008) ("A borrower whose sole objective is a loan does not become a consumer merely because the lender provides services incidental to the loan that are not independent objectives of the transaction.").

### B.  Plaintiff Fails to State a TILA Claim.

8.  Although this claim is purportedly not intended to apply to M & T as the current loan servicer, Defendant will address it briefly out of caution.

9.  Plaintiff claims that "assuming arguendo" that BANA "is the holder and/or owner of the Note and purportedly the Deed of Trust, BANA failed to give Plaintiff proper notice of its ownership as a new creditor within 30 days…. In violation of 15 USC § 1641(g)." See Doc. No. 1, Complaint at p. 10, ¶ 37, Plaintiff's TILA claim is meritless against any party but particularly against M & T.

10.  TILA provides for a private right of action for civil liability against any creditor that fails to comply with any requirement imposed under TILA, including § 1641(g) for failure to disclose the assignment of a mortgage.[14] As at least one court has recently pointed out, "if Plaintiff is going to charge [Lender] with failure to provide her with notice that the mortgage was assigned to it and is therefore liable for her actual damages, she must allege facts showing that [Lender] is the new owner or assignee of that mortgage under § 1641(g), a situation which she is thus far denying."[15] If Plaintiff alleges facts showing that BANA or M & T is the new owner or assignee (which he has not) and that BANA or M & T have failed to meet the notification requirement as required by § 1641(g), he may seek to recover "any actual damages sustained … as a result of the failure" to make the required disclosures and as long as he shows detrimental reliance.[16] He may also recover statutory damages, which in an individual action may be "twice

---

[14]  15 USC §1640(a)
[15]  *Jameel v. Flagstar Bank, FSB*, CIV.A. H-12-1510, 2012 WL 5384177, *7 (S.D. Tex. Nov. 2, 2012) (Harmon, J.).
[16]  *Id.* at *8; 15 U.S.C. §1640(a)(1).

4

the amount of any finance charge in connection with the transaction" and which do not require a showing of causation.[17]

11. In *Jameel*, this Court determined that the plaintiff "failed to allege any facts demonstrating, or supporting an inference, that she relied to her detriment on the lack of TILA disclosures, nor has she alleged any actual damages or finance charges related to Flagstar's failure to disclose an assignment of the mortgage loan. Moreover because she is still residing on the property, her payments appear to be her obligation under the mortgage, not actual damages."[18] Similarly here, Plaintiff has failed to show any actual damages, and cannot sustain his TILA claim against any defendant.

C.  **Plaintiff's Money Had and Received Claim Fails.**

12. To prove a claim for money had and received, "a plaintiff must show that a defendant holds money which in equity and good conscience belongs to him."[19] A claim for money had and received fails in the mortgage lending context because there is a contract between the parties and the servicer had the right to receive payments.[20] Plaintiff does not contend that he did not owe the mortgage payments he made, rather alleges that unspecified funds he paid to M & T or BANA rightfully belonged to the "Note Holder".[21] Plaintiff does not directly allege that M & T was not the mortgage servicer authorized to receive and apply payments when they were made, nor can he truthfully do so. Further, Plaintiff does not allege which entity or party is allegedly entitled to the proceeds, if some entity other than M & T or BANA. In other words, Plaintiff is not alleging that he is entitled to keep the proceeds (loan

---

[17] *Id.*; 15 U.S.C. § 1640(a)(2); *Perrone v. General Motors Acceptance Corp.*, 232 F.3d 433, 435-36 (5th Cir. 2000), *cert. denied*, 532 U.S. 971, 121 S.Ct. 1601, 149 L.Ed.2d 468 (2001).
[18] *Jameel*, 2012 WL 5384177, *8.
[19] *Edwards v. Mid-Continent Office Distrib. L.P.*, 252 S.W.3d 833, 837 (Tex. App.-Dallas 2008, pet. denied).
[20] See *Dempsey v. U.S. Bank Nat'l*, No. 4:10-CV-679, 2012 WL 2036434, at *5-6 (E.D. Tex. June 6, 2012).
[21] See Complaint at p.12, ¶42.

payments) or that such proceeds ultimately belong to him. For these reasons, Plaintiff's money had and received claim fails.

### D. Plaintiff's Conversion Claim Fails.

13. To state a conversion claim, Plaintiff must establish: (1) Plaintiff legally possessed property or was entitled to it; (2) M & T wrongfully exercised dominion and control over the property, which excluded the Plaintiff; (3) Plaintiff demanded the property's return; and (4) M & T refused.[22] A conversion claim for money must meet additional pleading requirements alleging the money: (1) was delivered for safekeeping; (2) was intended to be kept segregated; (3) is substantially in the form in which it is received or an intact fund; and (4) is not the subject of a title claim by the keeper.[23] Texas prohibits conversion claims by parties who do not presently have an immediate right to possession of the property.[24]

14. Plaintiff fails to allege any facts establishing the elements for conversion of money. Plaintiff does not plead facts that if true would establish that M & T wrongfully exercised dominion and control over property of Plaintiff or that Plaintiff has an immediate right to the unspecified payments that were made. For example, Plaintiff fails to allege any facts suggesting payments were delivered for safekeeping, were intended to be kept segregated from other funds, are substantially in the same form or intact, are not subject to a claim by M & T or others, or that Plaintiff has an immediate right to possess them. A key element of conversion is that the defendant exercised dominion and control over the property in an "unlawful and authorized manner."[25] Here, Plaintiff purportedly admits that M & T was the servicer.[26] BANA

---

[22] *U.S. v. Boardwalk Motor Sports, Ltd.*, 692 F.3d 378, 381 (5th Cir. 2012).
[23] *Boardwalk Motor Sports, Ltd.*, 692 F.3d at 381.
[24] *Id.* at 382.
[25] *M-I, LLC*, 733 F.Supp. 2d 759, 792 (S.D. Tex. 2010).
[26] Plaintiff's Complaint, p.9 at ¶40.

6

was the mortgagee of record.[27]  Pursuant to the Deed of Trust and a recorded Assignment, BANA was entitled to any payments from Plaintiff that were made by Plaintiff to M & T. Plaintiff's conversion claim must be dismissed.

### E. Plaintiff's Quiet Title Claim Fails as a Matter of Law.

15. To prevail in a suit to quiet title, plaintiff must show that (1) he has an interest in a specific property; (2) his title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable.[28]  The plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference."[29]  Notably, the plaintiff must prove and recover on the strength of his own title, not on the weakness of his adversary's title.[30] Here, Plaintiff relies on the false allegation that there is "no proper chain of title" to Defendants. Presumably, Plaintiff is challenging whether BANA has a lien interest in the Property. Although Plaintiff seeks to ignore it, the real property records clearly reveal not only the Deed of Trust attached to Plaintiff's Complaint but also a recorded, assignment to BANA from MERS. MERS was and is clearly listed as nominee and beneficiary in the Deed of Trust.[31]  Plaintiff's claims in this regard fail.

### F. Plaintiff Has No Right To Declaratory Judgment.

16. Although most, if not all of the declaratory judgment allegations, do not pertain to M & T, most of Plaintiff's requests for declaratory relief are predicated upon his intentional failure to mention or acknowledge an Assignment to BANA that is and has been recorded in the

---

[27] Ex. 1 - Assignment recorded as Doc No. 2012043851 as recorded in the real property records of Brazoria County, Texas. Defendant requests the Court to take Judicial Notice of this Public Record.
[28] *Holloway v. Wells Fargo Bank, N.A.*, 3:12-CV-2184-G BH, 2013 WL 1187156 (N.D. Tex. Feb. 26, 2013) *report and recommendation adopted*, 3:12-CV-2184-G BH, 2013 WL 1189215 (N.D. Tex. Mar. 22, 2013).
[29] *Id.*
[30] *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).
[31] See Doc. No. 1 - Plaintiff's Complaint at Exhibit B - the Deed of Trust and Ex. 1 to this Motion - the Assignment.

7

real property records of Brazoria County, Texas.[32] These claims do not merit a declaratory judgment and certainly not as to M & T. If necessary, the real property records clearly reveal BANA's interest in the Property, and the Notice of Sale Plaintiff attached to his Complaint indicates that M & T is the mortgage servicer for BANA.[33] There is no actual controversy as to whether BANA was the beneficiary or assignee of the Deed of Trust, or whether M & T was the servicer.

17. The remainder of the allegations include false allegations pertaining to Defendants' alleged failure to comply with the prerequisites to a foreclosure sale that has now been cancelled due to Plaintiff's *ex parte* TRO and are now moot since the sale did not occur and because there is no cause of action for wrongful attempted foreclosure.

18. Additionally, Plaintiff's claims or requests for Declaratory Relief are based in part on an alleged failure to comply with the terms of a Consent Judgment signed by BANA. Although Plaintiff conclusorily contends he is a third party beneficiary of the Consent Judgment, he has failed to allege facts that would render him a third party beneficiary and previous case law has held he has no standing in this context.

19. A party asserting a claim under the Federal Declaratory Judgment Act must establish standing by demonstrating the existence of an actual controversy.[34] More specifically, at least some courts have held in the context of the same Consent Judgment that, "mortgagors like Plaintiffs do not have standing to enforce a consent decree that banks have entered into with the government."[35] Plaintiff's claim in this regard fails as a matter of law.

---

[32] See Exhibit 1.
[33] See Complaint at Exhibit C.
[34] *Bauer v. Texas*, 341 F.3d 352, 357-58 (5th Cir. 2003).
[35] See *Bagala v. Bank of America*, No. H-13-0160, 2013 WL 4523562 at *2 (S. D. Tex. Aug. 27, 2013) (citing *Reynolds v. Bank of Am., N.A.*, 2013 WL 1904090, * 10 (N.D.Tex. May 8, 2013)) (and cases cited therein); see also *Shatteen v. JPMorgan Chase Bank, N.A.*, 2013 WL 2099063, * 1 (5th Cir. May 15, 2013) (holding that the

### G. Plaintiff Cannot Show A Right To Injunctive Relief.

20. To obtain injunctive relief, plaintiff is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.[36] Under Texas law, a request for injunctive relief, absent a cause of action supporting entry of a judgment, is fatally defective and does not state a claim.[37] As shown above, Plaintiff has not stated a plausible claim for which he is entitled to relief against Defendant. Because Plaintiff cannot prevail on any other claim against Defendant, Plaintiff's request for injunctive relief should be dismissed.

### H. Defendant Has Standing to Foreclose.

21. Although unclear how such allegations are intended to apply to M & T, Plaintiff purportedly challenges the right of BANA to foreclose. However, the Note, Deed of Trust and a recorded Assignment all directly contradict his conclusory allegations and confer standing to foreclose on both BANA as Mortgagee and M & T as servicer.

22. The Note states that the Borrower understands "that the Lender may transfer this Note."[38] The Deed of Trust indicates that Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for FP Wholesale, is the beneficiary under the Deed of Trust.[39] Under Texas law, MERS, when named as the beneficiary under the Deed of Trust, has the power to foreclose and the power to assign its ability to foreclose.[40] Here, MERS, a beneficiary of the

---

plaintiff lacked standing "to enforce consent decrees to which she was not a party); *Choe v. Bank of Am., N.A.*, 2013 WL 3196571, *4 (N.D.Tex. June 25, 2013).

[36] *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860 at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)); Holloway, 2013 WL 1187156.

[37] *See Hill*, 2012 WL 2065377, at *10 (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002)); *see also Puig v. Citibank, N.A.*, No. 3:11-CV-0270-L, 2012 WL 1835721, at *17 (N.D. Tex. May 21, 2012) (stating that parties are not entitled to injunctive relief where "the court has dismissed each of their claims as a matter of law").

[38] See Plaintiff's Complaint at Exhibit A-The Note, p.1,¶1.

[39] See Plaintiff's Complaint at Exhibit B-The DOT, p.2,¶(E) and p.3 under "TRANSFER OF RIGHTS IN THE PROPERTY".

[40] *Reynolds v. Bank of Am., N.A.*, 3:12-CV-1420-L, 2013 WL 1904090, *8 (N.D. Tex. May 8, 2013) (Lindsay, J.).

deed of trust, was a mortgagee under Texas law.[41] As mortgagee, MERS could have foreclosed on the property itself, assign the rights to a party such as BANA, or authorize M & T to service the loan and foreclose.

23. In this instance there is a clear chain of title to BANA. On September 26, 2012, MERS, as Nominee for FPF Wholesale, assigned its interest in the Deed of Trust to BANA.[42][43] The Notice of Acceleration and Notice of Sale that Plaintiff attached to his Complaint indicated that BANA was the mortgagee, and M & T the mortgage servicer.[44] Under Chapter 51 of the Texas Property Code, a "mortgagee" *or* a "mortgage servicer" may conduct foreclosure proceedings.[45] Thus, either BANA or M & T had standing to foreclose on the Property. Further, no foreclosure sale has taken place, and Plaintiff retains possession of the Property at present and Plaintiff has not alleged otherwise. Plaintiff's claims regarding authority or standing to foreclose should be dismissed.

### I. Plaintiff's Attempted Wrongful Foreclosure Claim Allegations Lack Merit.

24. Although couched as a request for declaratory judgment most, if not all, of Plaintiff's claims for declaratory relief are actually wrongful foreclosure claims based on a sale that did not occur. To the extent Plaintiff is deemed to assert a wrongful foreclosure claim, all such claims fail based on the pleadings. Plaintiff claims that Defendants never sent notice of default, notice of acceleration or notified Plaintiff of the Substitute Trustee.[46] Although false, these claims, if true, would only have merit if a foreclosure sale had improperly taken place.

---

[41] *See id.*
[42] Ex. 1, Assignment of Deed of Trust.
[43] In deciding a motion to dismiss for failure to state a claim, courts may consider matters of which they may take judicial notice. *Lovelace v Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (citing Fed. R. Evid. 201(f) "Judicial notice may be taken at any stage of the proceeding"). A court may take judicial notice of matters of public record. *See Meador v. Oryx Energy Co.*, 87 F. Supp.2d 658, 661 (E.D. Tex. 2000); *Hall v. U.S.*, No. 6:06-CV-528, 2008 WL 276397 at *2-3 (E.D. Tex. Jan. 30, 2008); *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. Jan. 25, 2011).
[44] See Complaint at Exhibit C.
[45] *See* Tex. Prop. Code Ann. § 51.0025 (Vernon 2004 & Supp. 2010).
[46] Complaint at P. 5, ¶¶23-25.

However, no foreclosure sale occurred, Plaintiff remains in possession of the Property and Plaintiff lacks damages. Thus, these allegations lack merit.[47]

25. The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, and unfairness in foreclosure proceedings. In Texas, "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property."[48] The plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price."[49] Nevertheless, recovery is not available merely by showing a defect in the foreclosure process: "it is also necessary that there be an inadequate selling price resulting from the defect." There was no foreclosure sale, thus, Plaintiff cannot show an inadequate selling price and cannot prevail simply because he alleges he did not receive notices which it appears he did actually receive. Plaintiff's claims in this regard should be dismissed.

J.   **Plaintiff's Claim for Injunctive Relief Fails.**

26. "To obtain injunctive relief, plaintiff is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3874860, at *3 (N.D.Tex. Sept.1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir.1996)). Since dismissal of Plaintiff's claims is warranted on the merits, he cannot establish any likelihood of success on the merits. *See id.* Defendant is therefore entitled to dismissal of Plaintiff's request for injunctive relief as well.

---

[47] Additionally, although actual notice of the sale is not required, it is curious that Plaintiff somehow has a copy of the foreclosure notice and appears to have attempted to respond to same. See Complaint, Exhibits C and H.
[48] *Matthews v. JP Morgan Chase Bank, N.A.*, No. 3:11-CV-00972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011).
[49] *Hurd v. BAC Home Loans Servicing, LP*, 880 F.Supp.2d 747, 766 (N.D. Tex. 2012) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.)).

11

WHEREFORE PREMISES CONSIDERED, Defendant M & T Bank respectfully requests that this Court dismiss the Complaint filed by Plaintiff and for such other relief to which it may show itself to be entitled.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
Michael F. Hord Jr.
Texas State Bar No. 00784294
Federal I.D. No. 16035
HIRSCH & WESTHEIMER, P.C.
700 Louisiana, Suite 2550
Houston, Texas 77002-2772
Tel (713) 220-9182 / Fax (713) 223-9319
Email: mhord@hirschwest.com

**COUNSEL FOR DEFENDANT
FLAGSTAR BANK, FSB**

### CERTIFICATE OF SERVICE

On this 4th day of October 2013, I hereby certify that a true and correct copy of the foregoing document was served via ECF to the following:

Robert "Chip" Lane
Anh Thu Dinh
Middagh & Lane, PLLC
6200 Savoy, Suite 1150
Houston, TX 77036-3300

Michael Rahmn
McGlinchey Stafford, PLLC
1001 McKinney, Suite 1500
Houston, TX 77002

/s/ Michael F. Hord, Jr.
Michael F. Hord Jr.